## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS P. DIXON, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE,[1] )<br>    Commissioner of the )<br>    Social Security Administration, )<br>        Defendant. ) | No. CIV-06-0317-F |

# Order

The above-matter comes before me to consider Dixon's Application for Attorney's Fees to be Awarded in Accordance with the Equal Access to Justice Act. *(Dkt. No. 22).* Dixon submits that he is entitled to an award of fees under the EAJA provisions, 28 U.S.C. § 2412. He requests an award of attorney's fees in the amount of $3,327.00 for 22.9 attorney and paralegal hours expended in this case. He also requests that this amount to be paid directly to his attorneys in accordance with law and the terms of the fee contract.

After consideration of the law, the record, and the arguments of the parties, the Court finds that (1) the Commissioner's position was not substantially justified, that (2) Dixon is entitled to attorney fees under the Equal Access to Justice Act, that (3) the requested attorney fees are reasonable, and that (4) the attorney fees should paid directly to the attorneys.

---

[1] Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007, replacing Acting Commissioner Linda S. McMahon who replaced Commissioner Jo Anne B. Barnhart on January 19, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Therefore, the Court orders that Dixon be awarded attorney's fees pursuant to the Equal Access to Justice Act in the amount of $3,327.00 to be made payable directly to Dixon's attorneys, Troutman & Troutman, P.C., Tax ID No.73-1487089, who will reimburse to Dixon the smaller of either the EAJA award or an subsequent award under 42 U.S.C. § 406(b), should one ultimately be authorized, as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**It is so ordered** this 24th day of April, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0317p004.PO.wpd